IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ELIZABETH CROOK,, Individually and
as Special Adminstratrix of the Estate
of GAYLORD BRYAN CROOK, deceased                               PLAINTIFF

v.                          Case No. 2:12-cv-02214

LOUISVILLE LADDER, INC. and
JOHN DOES 1-3                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Plaintiff's Motion to Remand (Doc. 8), Defendant's Response (Doc. 10) and brief in support (Doc. 11), and Plaintiff's Reply (Doc. 12) and brief in support (Doc. 13). Plaintiff filed her Reply without leave of court, but the Court nevertheless considered the Reply. Plaintiff disputes the existence of diversity jurisdiction in this case, contending that the total amount in controversy does not exceed the sum or value of $75,000, the minimum amount required for this Court to exercise jurisdiction pursuant to 28 U.S.C. § 1332(a). For the reasons stated herein, Plaintiff's Motion to Remand (Doc. 8) is **GRANTED.**

**I. Background**

On July 30, 2011, Plaintiff Elizabeth Crook filed a Complaint (Doc. 2) in the Circuit Court of Sebastian County, Arkansas, against Defendants Louisville Ladder Inc.("Louisville Ladder") and John Does 1-3 alleging claims of negligence, strict liability, and breach of express and implied warranties. The Complaint alleges that Defendant Louisville Ladder designed and manufactured a 6-foot aluminum stepladder that was used by Plaintiff's husband, Gaylord Crook, now deceased. Mr. Crook was injured when one of the lower legs of the ladder buckled, causing him to fall and

sustain permanent injuries. Mr. Crook later died of cancer, and Mrs. Crook initiated this action on behalf of the estate as Special Administratrix of the Estate of Gaylord Crook. Mrs. Crook also asserts a claim for loss of consortium from the injuries sustained by Gaylord Crook before his death. Mrs. Crook claims damages on behalf of the estate for medical expenses, pain and suffering, lost income, loss of earning capacity, and punitive damages, as well as damages individually for loss of consortium.

Louisville Ladder was served with the Complaint on August 22, 2012. After Louisville Ladder was served, counsel for Mrs. Crook and Louisville Ladder exchanged emails concerning the value of Mrs. Crook's claims. (Doc. 8-1). Counsel for Louisville Ladder inquired as to whether Mrs. Crook would stipulate as to the value of the case so that counsel could make a decision about removal of the case to federal court. On September 7, 2012, Mrs. Crook's counsel confirmed by email that he "w[ould] stipulate that the total value of [his] clients' claims is less than $75,000." (Doc. 18-1). On September 14, 2012, Louisville Ladder removed the action to this Court. (Doc. 1). The basis for the removal is diversity jurisdiction under 18 U.S.C. § 1332. The Notice of Removal states "[t]his case meets the amount in controversy." *Id.* at 2, ¶ 5. The Notice further states "the complaint, fairly read, clearly states a claim exceeding $75,000 and the amount in controversy required for diversity of citizenship jurisdiction is satisfied." *Id* at 3, ¶ 5.

On September 19, 2012, Mrs. Crook filed a Motion to Remand (Doc. 8) challenging the Notice of Removal as it related to the amount in controversy for diversity jurisdiction. Mrs. Crook states in her Motion that the prayer in the complaint specifically asked for judgment in a sum and amount of less than $75,000. Mrs. Crook further states that "seven (7) days prior to the filing of the Notice of Removal, her counsel emailed Defendant's counsel that "[p]laintiff was willing to

-2-

stipulate that the amount in controversy, including Plaintiff's claims for punitive damages, is less than the jurisdictional amount. *Id.* at p.2, ¶ 5. Louisville Ladder opposes the Motion to Remand arguing that the Plaintiff seeks compensatory and punitive damages that are sufficient to meet the jurisdictional limits of $75,000. (Doc. 9).

## II. Standard for Federal Diversity Jurisdiction

When analyzing the propriety of removal of a case to federal court, the removing party has the burden of showing that jurisdiction in the federal courts is proper and the requisite amount in controversy has been met. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). Federal courts must strictly construe the federal removal statute and resolve any ambiguities about federal jurisdiction in favor of remand. *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). In a removed action, a district court's jurisdiction is determined at the time of removal. Subsequent events after the time of removal cannot be used to defeat jurisdiction except in certain narrow and limited circumstances. *Hargis v. Access Capital Funding, LLC,* 674 F.3d 783 (8th Cir. 2012). "Defendants may remove civil actions to federal court only if the claims could have been originally filed in federal court." *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009). The party seeking removal bears the burden of establishing the requisite amount in controversy by a preponderance of the evidence. *Bell v. Hershey Company,* 557 F.3d 953 (8th Cir. 2009). "This standard applies regardless of whether the complaint alleges non specific amount of damages or an amount under the jurisdictional minimum." *Id.* (internal citation omitted). "Once the removing party has established by a preponderance of the evidence that the jurisdictional amount is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite

amount." *Id*.

**III. Discussion**

As the party seeking removal, Louisville Ladder bears the burden of proving, by a preponderance of the evidence, that the requisite amount of controversy has been met in this case. Only if Louisville Ladder meets that burden, does the burden shift to Mrs. Crook to prove to a legal certainty that her claims are for less than the jurisdictional amount. The Court finds that Louisville Ladder has failed to meet its burden in this case. The parties dedicate large portions of their arguments to the matter of Mrs. Crook's proposed stipulation as evidenced by the emails between counsel. Regardless of the fact that it does not appear that any party ever entered into a binding stipulation prior to removal, the proposed stipulation is otherwise a non-issue in this case since the burden does not shift to Mrs. Crook to show lack of jurisdiction to a legal certainty.

In its response in opposition to Mrs. Crook's Motion to Remand, Louisville Ladder outlines various case law relevant to the proposition that punitive damages may be considered by a court when determining amount in controversy. Louisville Ladder then lists the claims for damages brought by Mrs. Crook, arguing without more that "[t]hese claims, along with her claim to punitive damages as allowed under Arkansas law, are certainly sufficient to meet jurisdictional limits of $75,000." (Doc. 11, p. 4). Louisville then "submits that it has met its burden of demonstrating that the plaintiff's compensatory and punitive damages exceed the jurisdictional minimum." Louisville Ladder has provided the Court with no competent proof or analysis of the facts of the case at hand which could lead the Court to find – by any evidence – that the Court may exercise diversity jurisdiction in this case.

The Court does not dispute that in products liability cases involving ladder falls, the requisite

amount in controversy can generally be established. *See, e.g., Haynes v. Louisville Ladder Group, LLC,* 341 F. Supp. 2d 1064 (E.D. Ark. 2004) (denying remand where complaint did not specify the amount of damages sought, but the removing party cited similar ladder-fall cases where damages were well in excess of $75,000). In this case, however, Louisville Ladder has not shouldered its burden of proving to the Court that, given the facts of this particular case, the amount in controversy exceeds $75,000. Although the Court is aware of other ladder-fall cases in which the amount in controversy was met, Louisville Ladder did not direct the Court's attention to those cases, nor show that those cases are similar to the one at hand. In fact, the facts of this case would appear to be distinguishable from those of many other ladder-fall cases resulting in large damages awards. In this case, it appears that Mr. Crook's medical expenses were only $3,270.90.[1] (Doc. 12-1). Mr. Crook also died from an unrelated cause several months after the accident; therefore, damages for lost income, loss of earning capacity, or loss of consortium would likely be minimal. Louisville Ladder has not provided the Court with any evidence, given the particular facts of this case, to establish what the compensatory damages might be, although the Court assumes that the amount would be significantly lower than the average ladder-fall case.

Punitive damages can be used in calculating the amount in controversy to establish diversity jurisdiction. *Allison v. Security Benefit Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992). Courts are given great discretion in decisions involving claims for punitive damages and must give close scrutiny to such claims. *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994). When punitive damages

---

[1] The Court uses the figure provided by Mrs. Crook in her Reply (Doc. 12-1) and notes the distinguishing characteristics of this case in order to illustrate the importance of proving the requisite amount in controversy in the context of the facts of each particular case, but notes that Mrs. Crook had no burden to provide any figure. Rather, the burden was on Louisville Ladder to provide evidence that damages could more likely than not rise above $75,000.

are included, the "existence of the required amount must be supported by competent proof." *Id.* at 388 (quoting *Easler v. Northrop Corp.*, 86 F.R.D. 20, 28 (W.D. Mo. 1979)).  Louisville Ladder has not provided the Court with any competent proof as to recoverable damages in this case – either compensatory or punitive.  Without some basis for consideration of potential recovery of compensatory damages, the Court cannot even begin to analyze whether recovery of reasonable punitive damages[2] could result in a probable recovery of more than $75,000.

**IV. Conclusion**

Defendant Louisville Ladder, Inc. has not shown by a preponderance of the evidence that the amount in controversy in this case meets the requisite jurisdictional amount under 18. U.S.C. § 1332.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand (Doc. 8) is GRANTED. This case is to be remanded to the Circuit Court of Sebastian County, Arkansas.

IT IS SO ORDERED this 30th day of November, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[2] Generally, single-digit ratios will be considered reasonable. *See, e.g., Moore v. American Family Mut. Ins. Co.*, 576 F.3d 781, 791 (8th Cir. 2009).